**E-FILED**
Tuesday, 18 July, 2006  04:55:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-20058 |
| | ) | |
| BRADLEY D. BOSSERT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the

United States of America, by Rodger A. Heaton, United States Attorney for the

Central District of Illinois, and Richard N. Cox, Assistant United States Attorney,

and the defendant, Bradley D. Bossert, personally and by the defendant's

attorney, Tony L. Brasel, hereby enter into this plea agreement.

1.      This document contains the complete and only plea agreement

between the United States Attorney for the Central District of Illinois and the

defendant.  This agreement supersedes and replaces any and all prior formal and

informal, written and oral, express and implied, plea agreements between the

parties.  No other agreement, understanding, promise, or condition between the

United States Attorney for the Central District of Illinois and the defendant exists,

1

except as set forth in this plea agreement.

2.    This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant.  It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor.  In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3.    This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

**CHARGE(S), ELEMENTS, AND PENALTIES**

4.    The defendant will plead guilty to the one count charged in the Indictment.  In the Indictment, the defendant is charged with possession of an unregistered machinegun, in violation of Title 26, United States Code, Section 5861(d).

5.    The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney.  Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty.  To sustain

2

the charge of possession of an unregistered machinegun, the United States must prove the following propositions beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the defendant knew that the firearm possessed the characteristics of a machinegun as defined in 26 U.S.C. § 5845(b); and

Third, the firearm was not registered in the National Firearms Registration and Transfer Record.

26 U.S.C. § 5845(b), in part, defines a machinegun as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

6.    The defendant understands and agrees that the offense to which he is pleading guilty carries the following potential penalties:

- Up to 10 years of imprisonment;

- Up to a $250,000 fine;

- Up to 3 years of supervised release; and

- a $100 mandatory special assessment.

7.    The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised

release period without credit for time previously served.

## STATUTORY AND APPEAL WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

8.     The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

9.     The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper

4

jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28,

5

United States Code, Section 2255.

## ADVISORY SENTENCING GUIDELINES

10.    The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines.  The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed.  The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the  Sentencing Guidelines.

11.    The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate.  Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the

commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

12.    The United States also agrees that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

13.    The defendant and the United States agree that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

14.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be

free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

15.    The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the *advisory* Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## DEFENDANT'S OBLIGATIONS

16.    As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials, as agreed in the letter dated July 12, 2006, a copy of which is attached hereto and incorporated herein by reference.

17.    The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, Section 3553(e). They further acknowledge, consistent with Application Note 3 to U.S.S.G. Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 3553(e), the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1 and its application notes.

18.    The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

19.    The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

## FACTUAL BASIS

20.    The defendant will plead guilty because the defendant is in fact guilty of the charge contained in the Indictment.  In pleading guilty to that charge, the defendant stipulates and admits to the following facts:

In February 2003, the Kankakee County Sheriff's Office was engaged in a stolen property investigation.  During the course of the investigation, it learned that Tommy Green was operating a "pawn shop" from his residence in St. Anne. On February 21st, officers went to Green's residence to talk to him.  They eventually obtained Green's consent to search his residence.  During the search, the officers seized 10 firearms, including an "Uzi-looking" weapon, which Green said was a "machinegun."  Green told the officers that people did "pawn" things with him and that he gave them money in return.  The Sheriff's Office then contacted ATF.

An ATF agent and a sheriff's detective interviewed Green at his residence. Green said he knew the weapon was a machinegun.  He said he had obtained it from a white male he knew only as "Brad."  Green described "Brad" as in his mid-20s, and approximately 5' 10" in height and of heavy build.  Green said "Brad" had

been at his residence four or five times. Green told them that "Brad" had brought the machinegun to him in December 2002 and he had given "Brad" $200 for it. Green described the machinegun as "collateral." Green said "Brad" told him at that time that it was a machinegun.

The weapon was sent to the ATF lab for forensic examination. The examiner concluded that it was a STEN type, 9mm Luger caliber machinegun, of unknown manufacture. It did not contain a serial number. The examiner determined that it had been assembled using original STEN machinegun parts and incorporated a "homemade" frame or receiver. The examiner determined that the gun fired successfully in automatic mode and met the statutory definition of a machine gun.

Green later provided ATF with a telephone number he believed was associated with "Brad." The agents eventually located Bossert in Dwight, Illinois and interviewed him. Bossert told the agents that he was a heavy equipment operator and that he had been employed by the West Chicago construction company to work at the site of the new state prison in Pembroke. Bossert said he lived in a trailer on the site. During that time he met a black male named "Joe Willie," from whom he regularly purchased crack. Bossert said he met Green through "Joe Willie." Bossert said that just before the holidays in December 2002 he had borrowed "a couple of hundred dollars" from Green. He then admitted that he had

11

used the weapon as collateral for the loan and had indeed "pawned" it to Green. He admitted that he told Green it was a machinegun. He said he had purchased the weapon for protection at the prison site. He said he purchased it from a fellow employee with the West Chicago construction company. That employee told Bossert that a relative of his made the weapons.

## EFFECT OF VIOLATION OF AGREEMENT

21.    The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

12

22.    Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

23.    The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

a.    The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.    The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the

court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

      d.     The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

      e.     The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

24.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

## AGREED:

### Defendant's Attorney:

25.    I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms.  No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement.  I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).


Date: July 18, 2006                    s/ Tony L. Brasel
                                       Tony L. Brasel
                                       Attorney for Bradley D. Bossert

### Defendant:

26.    I have read this entire Plea Agreement carefully and have discussed it fully with my attorney.  I fully understand this Agreement, and I agree to it voluntarily and of my own free will.  I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true.  No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement.  I am satisfied with the legal services provided by my attorney.  I understand that by signing below

I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: July 18, 2006                         s/ Bradley D. Bossert
                                            Bradley D. Bossert
                                            Defendant

**United States:**

27.    On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: July 18, 2006                         RODGER A. HEATON
                                            UNITED STATES ATTORNEY


                                            s/ Richard N. Cox
                                            Richard N. Cox
                                            Assistant United States Attorney

**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*

---

| | |
|---|---|
| *Rodger A. Heaton*<br>*United States Attorney* | *Urbana Division Office*<br>*Urbana Federal Building and U.S. Courthouse*<br>*201 South Vine Street, Suite 226*<br>*Urbana, Illinois 61802-3369*<br>*TEL: (217) 373-5875*<br>*FAX: (217) 373-5891* |

July 12, 2006

Mr. Tony L. Brasel
Attorney at Law
201 Park Place, Suite 12
Bourbonnais, IL 60914

Dear Mr. Brasel:

It is my understanding that your client, Bradley D. Bossert, desires to cooperate with the United States in its efforts to enforce federal law on the condition that his statements are protected by a grant of direct use immunity. This letter is intended as a conditional grant of that immunity.

To avoid any misunderstanding, the specific terms of this grant of direct use immunity are as follows:

1. The United States agrees that no statement made or information provided pursuant to this agreement may be used directly against your client in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a position in a legal proceeding contrary to the information he provides. The United States will be free to make indirect or derivative use of your statements. This agreement means only that the statements **themselves** made pursuant to this agreement may not be introduced as evidence against your client.

2. In return, your client agrees that he will provide <u>complete</u> and <u>truthful</u> information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.

3. Your client agrees to provide <u>complete</u> and <u>truthful</u> testimony to any grand jury, trial jury, judge, or magistrate in any proceeding in which he may be called to testify by the United States.

4.          You and your client further acknowledge and agree that the United States' grant of direct use immunity herein is entirely conditioned upon your client's complete compliance with paragraphs 2 and 3. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, the United States will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury. This means, for example, that your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts whatever those may be.

5.          Your client understands that the offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

6.          Your client agrees that he will not initiate any contact with the subjects of any investigation without the prior knowledge and approval of law enforcement agents.

7.          Your client agrees that he will not tell anyone anything about any investigation or his own cooperation (except his attorney) without the prior knowledge and approval of law enforcement agents.

8.          At the present time, your client is not the target of any other federal investigation of which the undersigned is aware. Nevertheless, the fact that your client admits to having engaged in criminal activity in the past means there is always the possibility that law enforcement agents will obtain admissible evidence of those crimes from sources other than your client's own statements, and that evidence could be used to prosecute your client. At this time the United States is not making and has not made any promise or commitment of any kind to you or your client regarding the prosecution of any offense or the sentence in any case.

9.          The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines or from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

10.         Your client understands and agrees that prior to the United States making a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any

mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e), in its sole discretion, the United States may require your client to waive certain rights, including the right to appeal, the right to collaterally attack any conviction and the right to argue for a downward departure greater than that made by the United States. The United States may require that these waivers be in writing. Further, you and your client understand and agree that the refusal to make such waivers may form the basis for the United States to refuse to make a downward departure for any substantial assistance provided by your client.

11.        Any material breach of any provision of this agreement by your client will void this agreement in its entirety and will release the United States from any obligation under this agreement.

This letter embodies the entirety of the United States' immunity agreement with you and your client. No other promise or agreement exists between you or your client and the United States regarding such immunity.

Please have your client sign and date this letter below to acknowledge his understanding and agreement to the above terms. Return the original to me.


Very truly yours,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/ Richard N. Cox_____
Richard N. Cox
Assistant United States Attorney


AGREED:



s/ Bradley D. Bossert_____          s/ Tony L. Brasel_____
Bradley D. Bossert                  Tony L. Brasel
Defendant                           Attorney for Defendant




DATE: July 16, 2006_____          DATE: July 16, 2006_____